## MARGARET ARNOLD *v.* WM. C. KYLE.

CHANCERY PLEADING. *Res adjudicata.* A. filed her bill seeking to have
a note executed by her to the defendant delivered up and cancelled,
on the ground that it was obtained by fraud, and without considera-
tion. The defendant answered, stating that the note in question had
been sued on and judgment rendered, from which there was no appeal.
*Held,* that under the Code, the defense set up was a complete bar to
the bill, and that the averment in the answer of suit and judgment on
the note was tantamount to a formal plea of *res adjudicata.*

Code cited: Secs. 4318, 2884, 2906.

### FROM HAWKINS.

Appeal from the Chancery Court.   H. C. SMITH,
Chancellor.

HALL & McDERMOTT for complainant.

A. D. KYLE, JNO. W. YORE and A. C. KING for
defendant.

NICHOLSON, C. J., delivered the opinion of the court.

The bill alleges that in 1865 John Ward and others
instituted a suit in the Circuit Court of Hawkins
county against W. A. Phipps and others, claiming
damages for trespasses to person and property of
the plaintiffs. The suit remained in court until 1868,
when it was dismissed upon a compromise.

Complainant alleges that defendant, Wm. C. Kyle,
after various interviews with the parties to the suit,
proposed to the defendants that if each one of them

would execute to him a note for $250, he would have the suit dismissed. One of the defendants was a son of complainant, who, together with others, agreed to the proposed compromise, and executed their notes accordingly. She says that on the day the notes were signed she was sent for to meet the defendants at the instance of W. A. Phipps and Wm. C. Kyle. When she arrived at the place of meeting she was informed by Phipps that they had compromised the suits, provided the defendants would sign an obligation to pay Kyle $250 cash, and presented the paper to her and asked her to sign it, which she very positively refused to do; that she was then called aside by one S. L. Henderson, who is a friend of Kyle and Phipps, and at their instance, as she believes and charges, that Henderson represented to her that unless she signed the paper herself and her children would lose all their lands, as he alleged her husband (who was then dead) was sued in said action, and that he was as guilty as the others. She says Henderson is a justice of the peace, and a man of influence and veracity, and she had full confidence in him; that she is old, illiterate, and ignorant of her legal rights, so that under this representation, and the apprehension if she did not do so, her children would be rendered "poverty stricken," she signed the paper.

She alleges further, that her husband was dead before the damage suits were commenced, and was not sued, nor was she as his administratrix. She charges that her signature was procured by a fraudulent combination between Kyle, Phipps and other defendants,

Arnold *v.* Kyle.

and that Phipps and other defendants were to pay nothing. She says there was no good, valuable or adequate considerate for the obligation.

She prays that Kyle answer the allegations on oath; that injunction issue to restrain him from selling, disposing of, or collecting the obligation, and that the obligation be ordered to be delivered up and cancelled.

Kyle answers, and, after denying specifically and emphatically each and every allegation of fraudulent combination and imposition, and want of consideration, says: "He brought suit on said $250 obligation against complainant and obtained judgment for same, and that execution was returned *nulla bona;* that he then had E. Hord garnisheed, and on his statement the justice of the· peace gave judgment," ets.

A certified copy of the judgment rendered on the obligation was introduced as evidence, and proof made that the judgment was rendered on the same note now involved in this suit, and that the judgment was unappealed from and in full force.

It is observed that no reference is made in the bill to any suit on the obligation, or to any judgment thereon, but the prayer is that the obligation be surrendered and cancelled. The bill was filed on the 12th of February, 1869, and the judgment was rendered on the the obligation on the 10th of February, 1869. The affidavit to the bill, and the *fiat* for injunction are dated on the 1st of February, 1869. It appears that the warrant was dated February 5, 1869, and executed for trial on the 10th of February, 1869,

when judgment was rendered without any defense, as far as the record shows. The answer of Kyle was filed on the 2d of March, 1869.

Complainant takes no notice of the statement. in the answer as to the judgment, in her evidence or otherwise. It stands as a judgment in full force, unimpeached and unappealed from, and the question is, whether it is not a complete bar to the complainant's suit?

The bill is so framed that no question as to the jurirdiction of the court could be raised by demurrer. It is provided in sec. 4318 of the Code, that "the defefendant may incorporate all matters of defense in his answer, and is not required to plead specially in any case except to the jurisdiction of the court."

The question then is, whether the defense of *res adjudicata* is sufficiently pleaded in the answer. To constitute a good plea of former judgment, it must be averred that the same issue was joined in the former suit, as in the bill; that the subject matter of the suit was the same, and that the proceedings in the former suit were for the same object and purpose. Story Eq. Pl., sec. 780*a*.

Pleading is sufficient under the Code "when it conveys a reasonable certainty of meaning, and when, by a fair and natural construction, it shows a substantial cause of action or defense: Code, sec. 2884. And a plea shall, in all cases, contain a succinct statement of the facts relied on as a defense to the action: sec. 2906.

Tested by thes statutory directions, we are bound

to hold that the defense of *res adjudicata* is sufficiently made in the answer.

It is averred that suit was brought by Kyle on the same obligation now sought to be impeached, and that judgment was rendered thereon. We have no difficulty in understanding this averment as a sucsinct statement of the facts relied on as a defense.

Complainant has not chosen to attack the judgment or to show any reason why a court of equity should not take jurisdiction to set it aside. The defense was made by answer, within a few weeks after the bill was filed. Complainant had actual notice several days before the bill was filed, that Kyle had sued on the obligation, and two days before her bill was filed, she knew that judgment was rendered, yet she proceeded on her original bill, without amending so as to be able to contest the validity of the judgment in the chancery court, or giving any reason why she failed to make her defense at law. It was entirely competent for her to make her defense at law, but she has elected to leave the judgment unattached, and to rely upon her original bill.

We are constrained to hold, that the defense of a valid subsisting judgment on the obligation, is a bar to her bill. We may remark, however, that the allegations of fraud in the bill are not only fully met and denied by the answer, but the proof fails to support the allegations of the bill. The want of consideration is perhaps made out, as it appears that neither complainant or her deceased husband was sued on the damage cases, although it is made clearly to

appear that all the parties at the time, including complainant, acted under the belief that that the suit was against her as administratrix of her deceased husband. But without discussing the merits of the case, we are constrained to reverse the decree of the chancellor for the reason stated, and to dismiss the bill, but defendant will pay the costs of the suit.